UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

AUG 1 6 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-596-GWU

JACQUELINE MASSENGALE,                          PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her application for Disability Insurance Benefits (DIB).  The appeal is

currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Massengale

4.  Can the claimant's severe impairment(s) be expected to result
    in death or last for a continuous period of at least 12 months?
    If yes, proceed to Step 5. If no, the claimant is not disabled.
    See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of
    impairments meeting or equaling in severity an impairment
    listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
    Impairments)? If yes, the claimant is disabled. If no, proceed
    to Step 6.    See 20 C.F.R. 404.1520(d), 404.1526(a),
    416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his
    residual functional capacity and the physical and mental
    demands of the work he has done in the past, still perform this
    kind of past relevant work? If yes, the claimant was not
    disabled.    If no, proceed to Step 7.    See 20 C.F.R.
    404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his
    residual functional capacity, age, education, and past work
    experience, do other work--i.e., any other substantial gainful
    activity which exists in the national economy? If yes, the
    claimant is not disabled.    See 20 C.F.R. 404.1505(a),
    404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.    Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence. Jones v. Secretary of Health and

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Massengale

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Massengale

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that Massengale suffered from fibromyalgia and reflex sympathetic dystrophy of the left wrist and arm. (Tr. 21). Although associated restrictions confined the plaintiff to less than a full range of light level work (Tr. 19) and precluded the performance of past work (Tr. 20), according to the ALJ, a vocational expert (VE) was able to identify a significant number of light and sedentary jobs which would still be possible with that vocational profile (Tr. 21). Thus, the claim for benefits was denied. (Tr. 23).

The VE had been asked to take into account the following factors: (1) a capacity for no more than light level exertion, (2) an ability to only push/pull or use hand controls occasionally with the left upper extremity, (3) an ability to only occasionally climb stairs or ramps, and never climb ladders or ropes, (4) an ability to only occasionally and non-repetitively bend, twist, stoop, kneel or crouch, (5) an inability to crawl, (6) only occasionally to reach or lift overhead with the left upper

7

Massengale

extremity and (7) an ability to only occasionally handle or perform gross manipulation with the left hand.  (Tr. 210-211).  As noted by both parties, these restrictions were drawn from the form assessments of the non-examining medical reviewers (Tr. 144-151, 153-160), neither of whom addressed opinions from treating sources (Tr. 150, 159).

The plaintiff argues that the ALJ, in framing these parameters, improperly disregarded the opinions of treating sources.

With regard to Dr. Yanire Martinez, who composed a four-sentence letter declaring the plaintiff "unable to lift over 10 pounds and/or walk for long periods of time" (Tr. 172), the Commissioner is correct in arguing that the opinion could properly be discounted.  Most of the plaintiff's actual treatment by that doctor occurred prior to 2002 (Tr. 106-112), well over a year before the amended alleged onset date (Tr. 15) and while the plaintiff was still working (Tr. 55).  Of the two office visits after November, 2001 for which there is recorded information, musculoskeletal complaints were mentioned only during one visit and even then no clinical findings/data was referenced (Tr. 104-105).  Prior to that, the last reference to muscle pains from the doctor came in May, 2000 (Tr. 108).  Not only, then, are the progress notes not particularly supportive of severe restrictions during the pertinent period, but also it has not been clearly established that the sedentary jobs identified by the VE were not compatible with the few factors named by Martinez.

8

Massengale

The same can not be said of information supplied by the plaintiff's <u>treating orthopedic specialist</u>, B.J. Parson, who provided detailed clinical impressions in a letter (Tr. 173) and multiple progress notes in 2003 and 2004 (Tr. 176-177).  He diagnosed reflex sympathetic dystrophy (Tr. 173) which evidently worsened after the plaintiff was seen in March, 2004 by the consultative examiner (Tr. 97, 176-177). Parson cited, in a form assessment, a number of limitations, in addition to sedentary lifting (Tr. 174), which were not considered by the VE--such as a restriction on feeling (fine manipulation) and restrictions regarding vibration.

The case must be remanded for further consideration of the limitations suggested by Dr. Parson.

This the ___16___ day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE